UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   1:22-mj-03289 Damian

UNITED STATES OF AMERICA

V

JOSE MIGUEL ORTEGA MOLINA,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes  X  No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   __ Yes  X  No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: _____
Thomas Watts-FitzGerald
Assistant United States Attorney
Southern District of Florida
Florida Bar No.: 0273538
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: (305) 961-9413
E-mail: Thomas.watts-fitzgerald@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| JOSE MIGUEL ORTEGA MOLINA | ) | Case No.  1:22-mj-03289 Damian |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of     July 24, 2022     in the county of     Miami-Dade     in the

Southern    District of    Florida    , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 16 U.S.C. § 3372(a)(1) | Importation of Wildlife Contrary To Law |
| 18 U.S.C. § 545 | Wildlife Smuggling |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

 

_Complainant's signature_

Walter Duran,  Special Agent, USFWS
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by   Face Time.

Date:   7/28/2022

_Judge's signature_

City and state:       Miami, Florida       Hon. Melissa Damian, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Walter Duran, being first duly sworn, depose and state as follows:

1.      I am a Special Agent of the United States Fish and Wildlife Service ("USFWS"), Office of Law Enforcement, and I am therefore an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 545 and Title 18, United States Code, Section 1519.  As such, I am a Federal Law Enforcement Officer within the meaning of Rule 41(a), Federal Rules of Criminal Procedure and have held such designation since February 2016.  During that time, I have worked as a Special Agent in the Miami, Florida, Office of Law Enforcement.  Prior to this employment, I served as a Conservation Law Enforcement Officer, Federal Wildlife Officer, and Refuge Officer with the USFWS for approximately 10 years.  As a Special Agent with USFWS, I have received specialized training in the enforcement and investigation of federal wildlife protection statutes and regulations, as well as criminal investigative training at the Federal law Enforcement Training Center in Glynco, Georgia.  I have participated in federal investigations, either as a case agent or in various support roles.  Many of these investigations involved the import, export and smuggling of wildlife and protected species under the Endangered Species Act (ESA) and the Lacey Act.

2.      Based on my training and experience, I am familiar with the laws and regulations primarily enforced by the USFWS, such as the Lacey Act, the anti-smuggling statute, Title 18, United States Code, Section 545, and the Obstruction of Justice provisions of Title 18, United States Code, Section 1519.

3.      The facts of this affidavit are based upon my personal knowledge, as well as knowledge, information, and documentation that I obtained from other law enforcement officers while in my

official capacity. I am submitting this affidavit for the limited purpose of establishing probable cause for a criminal complaint and the issuance of an arrest warrant against JOSE MIGUEL ORTEGA MOLINA, a citizen of Spain (hereinafter ORTEGA MOLINA). This affidavit does not include every fact that I know about this investigation.

## Legal Background

4.     The Lacey Act, 16 U.S.C § 3372 (a)(1), in relevant part makes it unlawful to import, export, transport, sell, receive, acquire, or purchase any wildlife taken, possessed, or transported in violation of any law, treaty, or regulation of the United States.

5.     Pursuant to 18 U.S.C. § 545, it is unlawful to knowingly and willfully, with intent to defraud the United States, to smuggle, or clandestinely introduce or attempt to smuggle or clandestinely introduce into the United States any merchandise which should have been invoiced.

6.     It is obstruction of justice under 18 U.S.C. § 1519 to knowingly alter, destroy, mutilate, conceal, cover up, falsify, or make a false entry in any record, document, or tangible object with intent to impede, obstruct, or influence the investigation or the proper administration of any matter within the jurisdiction of any department or agency of the United States.

## Probable Cause

7.     On July 24, 2022, ORTEGA MOLINA arrived at Miami International Airport from Madrid, Spain aboard an Iberia Airlines flight and attempted to smuggled six birds; that is: (6) Budgerigars (*Melopsittacus undulatus*). Importers of all wildlife, or their agents, must file USFWS a completed Declaration for Importation or Exportation of Fish or Wildlife (Form 3-177) with the. The failure to file a completed declaration with the USFWS is a violation of 16 USC § 1538(e); 50 CFR 14.61. The importers or their agents must allow the USFWS to inspect the wildlife being

2

imported. Failure to allow for inspection is a violation of 16 USC § 1540(e)(4)(A); 50 CFR 23.51.

8.  CBP Officer Juan R. Lopez was selecting arriving passengers for inspection at the exit point of Concourse E. Officer Lopez saw ORTEGA MOLINA and noticed that ORTEGA MOLINA briefly made eye contact and began moving away from Officer Lopez as if ORTEGA MOLINA was purposely avoiding Officer Lopez.

9.  Officer Lopez approached ORTEGA MOLINA and asked him where he was arriving from. ORTEGA MOLINA stated that he was arriving from Spain and that he was on vacation. Officer Lopez knows that Spain is a source country of narcotics, in particular Ecstasy.

10.  Officer Lopez selected ORTEGA MOLINA for secondary inspection and took a verbal binding entry declaration from ORTEGA MOLINA. Officer Lopez asked ORTEGA MOLINA: "Are these your bags. Did you pack them yourself? Are you carrying anything for anyone else? How much money are you bringing?" ORTEGA MOLINA stated that he that he had packed his bags/luggage, that he was not carrying anything for anyone else, and that he had $800 in US currency.

11.  Officer Lopez asked ORTEGA MOLINA to place all his bags/luggage on a table for inspection. ORTEGA MOLINA only placed one of his bags on top of the table, and placed a black and blue duffle bag on the floor near the table but where it was not visible in Officer Lopez.

12.  After inspecting the first bag, Officer Lopez noticed the blue and black duffle bag on the floor and diected ORTEGA MOLINA to place it on top of the table. Upon opening the duffle bag, Officer Lopez saw two white and green cages. ORTEGA MOLINA made a spontaneous statement, "Those are my pets." Officer Lopez asked ORTEGA MOLINA why he did not declare them to the primary inspection officer. ORTEGA MOLINA did not have an explanation.

3

13.     ORTEGA MOLINA then stated that he was bringing the pets for his friend "Jorge". ORTEGA MOLINA after a short conversation with Officer Lopez, stated that he was bringing the pets for "Jorge's" daughters. ORTEGA MOLINA stated that he usually takes birds from Miami, Florida to Spain. Officer Lopez conducted a pat-down of ORTEGA MOLINA with negative results for additional contraband. Officer Lopez finished the inspection and escorted ORTEGA MOLINA to CBP Agriculture Specialist Julio Santana for further processing.

14.     CBP Agriculture Specialist Santana contacted the USFWS and requested assistance with the investigation. Your Affiant requested the assistance of USFWS S/A Victor Penaloza and Homeland Security Investigations (HSI) S/A Miranda Ballard.

15.     S/As Penaloza and Ballard responded to MIA Concourse E and conducted an interview of ORTEGA MOLINA. S/A Penaloza read ORTEGA MOLINA the Miranda warnings. ORTEGA MOLINA after reading the Miranda rights elected to speak to S/A Penaloza and CBP Agriculture Specialist Santana. During the interview ORTEGA MOLINA initially stated that he was bringing the birds for "Jorge's" daughters but later admitted that he was bringing the birds to trade them with "Jorge".

17.     On July 27, 2022, S/A Duran, Federal Air Marshal (FAM) Iran Sandoval and S/A Ballard conducted a voluntary interview of ORTEGA MOLINA. SA Duran provided ORTEGA MOLINA a verbal rendition of his Miranda Rights. ORTEGA read and signed a Miranda form stating that he understood his rights and elected to waive those rights. S/A Duran also provided ORTEGA MOLINA a warning regarding lying. ORTEGA MOLINA stated that he understood the warning and signed the warning form.

18.    During the interview ORTEGA MOLINA stated that he did not declare the exportation of the six (6) Budgerigars to Spain or United States authorities. ORTEGA MOLINA stated that he knew he was required by law to declare the export to Spanish authorities and that he needed to have a health certificate for the Budgerigars.

19.    ORTEGA MOLINA admitted that he did not declare to the CBP Officer upon initial inspection that he had the six birds. ORTEGA MOLINA stated that he was nervous when Officer Lopez approached him because he knew he was wrongfully smuggling the six Budgerigars. ORTEGA MOLINA stated that once asked by Officer Lopez if he had anything to declare he said "no". ORTEGA MOLINA stated that he had planned and had discussed with "Jorge" that he was going to smuggle the six birds into Miami to trade with "Jorge". ORTEGA MOLINA stated that he had initially planned to body-carry the six Budgerigars inside of some cloth bags that CBP, HIS, and USFWS seized from him. ORTEGA MOLINA stated that he was going to strap the bags containing the birds to his body.

20.    Based on the foregoing, your affiant has probable cause to believe that ORTEGA MOLINA was transporting five live birds and one dead bird. A preliminary identification of the birds revealed them to be Budgerigars (*Melopsittacus undulatus*), an avian species popular with hobbyists, who collect, buy, and sell the birds. CBP transferred the seized contraband to USDA-APHIS-Veterinary Services for housing and quarantine, as Spain is classified as a "high risk" country for High Pathogenic Avian Influenza (H5N1) and Exotic Newcastle Disease.

## Conclusion

21.    Based upon my training and experience, and as further supported by the facts in this affidavit, your affiant believes that JOSE MIGUEL ORTEGA MOLINA did knowingly engage in

5

approximately six (6) Budgerigars (*Melopsittacus undulatus*), in violation of Title 16 United States

Code, Section 3372 (a)(1), Titles 18, United States Code, Sections 545 and 1519.

FURTHER AFFIANT SAYETH NOT.

Walter Duran, Special Agent
United States Fish and Wildlife Service

Attested to by the Applicant in accordance with the requirements of
Fed.R.Crim.P. 4.1 by FaceTime this 28 day of July, 2022.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

6